Among other requirements, the attorney must agree to accept only the amounts specified in the guidelines as "presumptively reasonable." Nothing in the guidelines permits the attorney to pass on to the client, or to receive from the estate, the general excise tax on the presumptively reasonable fee.
In addition, the attorney and the client must sign a Rights and Responsibilities Agreement in a prescribed form.[8] This *795 agreement has lengthy and detailed provisions about attorneys' fees. These provisions do not permit an attorney opting in to the no-look fee process to pass on the general excise tax to the client or the estate.
Therefore, attorneys who opt in to the no-look fee process in chapter 13 cases may not pass on the general excise tax to their debtor clients (or the estate). The guidelines do not permit them to do so and the clients have not agreed to such treatment.
I am prepared to confirm the plan in this case only if the debtor's attorney agrees to eliminate the passed-on general excise tax from counsel's fee request.
The trustee shall submit a proposed order, in the usual form, either confirming or denying confirmation of the plan, depending on whether counsel is willing to adjust the compensation request as indicated.
SO ORDERED.

This form is also available on the court's website.